| U.S. Department of Justice<br>United States Marshals Service | **PROCESS RECEIPT AND RETURN**<br>*See "Instructions for Service of Process by U.S. Marshal"* |
|---|---|

| PLAINTIFF<br>United States | COURT CASE NUMBER<br>21-CV-6323 |
|---|---|
| DEFENDANT<br>$8,040.00 US Currency | TYPE OF PROCESS<br>Civil Complaint/ Warrant in Rem |

**SERVE AT**
NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
$8,040.00 US Currency

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
DEA Rochester Resident Office, 4th Floor Federal Building, 100 State Street, Rochester, New York 14614

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | | |
|---|---|---|
| AUSA Grace Carducci<br>United States Attorney's Office<br>100 State Street, Suite 500<br>Rochester, New York 14614 | Number of process to be served with this Form 285 | 1 |
| | Number of parties to be served in this case | 1 |
| | Check for service on U.S.A. | 0 |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

| Signature of Attorney other Originator requesting service on behalf of:<br>s/ Grace M. Carducci by KLF | ☒ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER<br>585-399-3954 | DATE<br>6/11/2021 |
|---|---|---|---|

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated.<br>*(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process<br>1 | District of Origin<br>No. 55 | District to Serve<br>No. 55 | Signature of Authorized USMS Deputy or Clerk<br>Jenelle C Yaeger | Date<br>6/22/2021 |
|---|---|---|---|---|---|

I hereby certify and return that I ☒ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | Date<br>6/22/2021 | Time<br>11:35 | ☒ am<br>☐ pm |
|---|---|---|---|
| Address *(complete only different than shown above)* | Signature of U.S. Marshal or Deputy<br>Jenelle C Yaeger | | |

*Costs shown on attached USMS Cost Sheet >>*

REMARKS





**U.S. Department of Justice**
United States Marshals
Service

**Process 055-1:2021-CV-06323-1 | Cost Worksheet**
Printed on: 06/22/2021

## PROCESS INFORMATION

| Case Type | Origin District | Serving District | Case Caption |
|---|---|---|---|
| CV - Civil | W/NY - BUFFALO | W/NY - BUFFALO | USA v. $8,040.00 USC |
| **Civil/Criminal** | **Attribute** | **Process Type** | **Party to be Served** |
| Civil | Government | WarrantArrest | Drug Enforcement Administration |

## SUMMARY

| Date/Time of Action | Service Action | Subtotal | Deposit Total | Expense Total |
|---|---|---|---|---|
| 06/22/2021 11:15 EDT | Assigned for Personal Service | | $0.00 | $0.00 |
| 06/22/2021 11:35 EDT | Served | | $0.00 | $65.00 |
| | Personnel Charges | $65.00 | | |
| | Mileage Charges | $0.00 | | |
| **Total Costs** | | | **$0.00** | **$65.00** |

| Remaining Balance | $0.00 |
|---|---|
| **Amount Owed** | **$65.00** |
| Remaining Process to Serve: | |

UNCLASSIFIED//FOR OFFICIAL USE ONLY
**Confidentiality Notice:** This report contains unclassified information of a sensitive, proprietary, health data or personally identifiable information (PII) which must be protected against release to unauthorized individuals and is the property of the U.S. Marshals Service. All emails, including all attachments, containing PII must be encrypted. Neither it nor its content may be disseminated outside the agency or personnel to which loaned without prior U.S. Marshals Service Authority. It is to be maintained, distributed, secured and disposed of in a manner that will protect the information against unauthorized disclosure and in accordance with The Privacy Act of 1974, 5 USC § 552a.
UNCLASSIFIED//FOR OFFICIAL USE ONLY

Printed By District: W/NY                                                                 Page 1 of 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

21-CV- 6323

$8,040.00 UNITED STATES CURRENCY

Defendant.



## ARREST WARRANT IN REM

TO: THE UNITED STATES MARSHALS SERVICE OF THE WESTERN DISTRICT OF NEW YORK AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER:

**WHEREAS**, a Verified Complaint of Forfeiture has been filed on April 16, 2021, in the United States District Court for the Western District of New York, by James P. Kennedy, Jr., United States Attorney, on behalf of the United States of America, plaintiff, alleging that the defendant currency is subject to seizure and forfeiture to the United States pursuant to 21 U.S.C. §881(a)(6).

**YOU ARE, THEREFORE, HEREBY COMMANDED** to arrest and seize the defendant currency, and use discretion and whatever means appropriate to protect and maintain said defendant currency; and

**YOU ARE FURTHER COMMANDED** to provide notice of this action to all persons thought to have an interest in or claim against the defendant currency, and that you promptly, after execution of this process, file the same in this Court with your return thereon.

All persons asserting an interest in the defendant currency and who have received direct notice of the forfeiture action must file a Verified Claim with the Clerk of this Court pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, **thirty-five (35) days** after the notice is sent; or if notice was published but direct notice was not sent to the claimant or the claimant's attorney, a claim must be filed no later than thirty (30) days after final publication of newspaper notice or legal notice or no later than sixty (60) days after the first day of publication on an official internet government forfeiture site; or within the time that the Court allows, provided any request for an extension of time from the Court is made prior to the expiration of time which the person must file such verified claim. In addition, any person having filed such a claim shall also serve and file an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within twenty-one (21) days after filing the claim, and any person having timely filed such claim and answer must appear before this Court, at Rochester, New York on a date determined by the Court.

### SEE REVERSE SIDE FOR ADDITIONAL INFORMATION

Supplemental Rule G(5) provides in pertinent part: "The Claim must: (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

All persons asserting an interest in the defendant currency are required to file a Claim in the Clerk's Office and to answer the Complaint within the times above fixed: otherwise, judgment by default will be filed for the relief demanded in the complaint.

Claims and Answers are to be filed with the Clerk, United States District Court for the Western District of New York, 2120 U.S. Courthouse, 100 State Street, Rochester, New York 14614 with a copy thereof sent to Assistant United States Attorney Grace Carducci, 100 State Street, Suite 500, Rochester, New York 14614.

This warrant is issued pursuant to **Rule G(3) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure**.

| WITNESS THE HONORABLE | UNITED STATES DISTRICT JUDGE AT |
|---|---|
| Charles J. Siragusa | Western District of New York |
| DATE 4/19/2021 | [signature] Mary C. Loewenguth<br>DEPUTY CLERK<br>Maria M. Frisa |

Returnable __75__ days after issue

### United States Marshals Service's Return

| DISTRICT | DATE RECEIVED | DATE EXECUTED |
|---|---|---|
| Western New York | 6/22/2021 | 6/22/2021 |
| US MARSHAL<br>Charles F. Salina | (BY) DEPUTY MARSHAL<br>Jenelle C Yauger | |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

$8,040.00 UNITED STATES CURRENCY,

Defendant.

21-CV-

## VERIFIED COMPLAINT FOR FORFEITURE

The United States of America, by its attorneys, James P. Kennedy, Jr., United States Attorney for the Western District of New York and Grace M. Carducci, Assistant United States Attorney, of counsel, for its Verified Complaint herein alleges as follows:

## CAUSE OF ACTION

1. This is an action in rem pursuant to Title 21, United States Code, Section 881(a)(6) for the forfeiture of $8,040 United States Currency, (hereinafter "defendant currency"), which was seized from 466 ½ West Main Street, Apartment 401, Rochester, New York, the residence of Kendrick Bronson (hereinafter "Bronson"), on or about October 29, 2020.

2. The defendant currency is now in the custody of the United States Marshals Service ("USMS"), Western District of New York, and is held within the jurisdiction of this Court.

3. This Court has subject matter jurisdiction of this action pursuant to Title 28, United States Code, Sections 1345, 1355, and 1395, and in rem jurisdiction pursuant to Title 28, United States Code, Sections 1355(b) and 1355(d). Venue is properly premised in the

Western District of New York pursuant to Title 28, United States Code, Section 1395.

## BACKGROUND INFORMATION

4. Since September of 2020, Law enforcement has been conducting a narcotics investigation on Bronson for the distribution of cocaine and fentanyl in the Rochester area. The investigation revealed that Bronson resides at 466 ½ West Main Street, Apartment 401, Rochester, New York, and utilizes 21 Pardee Street, Rochester, New York, as a storage location for narcotics, he also uses different vehicles to transport and deliver narcotics around the greater Rochester area.

5. During the week of September 14, 2020, law enforcement met with a Confidential Informant (hereinafter "CI"), for the purpose of initiating a controlled purchase of narcotics from a male known to them as "P". The CI and law enforcement officer drove to an undisclosed area in the City of Rochester, New York. Within minutes, a Bronson approached and entered the back seat of the undercover vehicle from the area of Pardee Street and got into the back seat. After Bronson introduced himself as "P" the law enforcement officer and CI handed him quantities of U.S. currency, in exchange for suspected cocaine and suspected fentanyl. Bronson then exited the vehicle and walked away from the area. Prior to exiting, Bronson gave the law enforcement officer his phone number, (585) 363-xxxx, telling the officer to contact him for future narcotics purchases.

6. Assisting surveillance units saw Bronson walk back into the driveway at 21

2

Pardee Street, where units observed a maroon Ford F-150 XLT pickup truck, bearing New York State registration # JRE-4462 parked in the driveway. This vehicle was used by Bronson in another controlled purchase of cocaine and fentanyl on September 7, 2020. A DMV inquiry indicated that this vehicle is currently registered in New York State to Cristal J. Starling, of 123 Post Avenue, Rochester, New York. An inquiry of records and utilities shows Cristal J. Starling as the occupant and account holder of 21 Pardee Street, Rochester, New York.

7.     Before the controlled purchase on September 14, 2020, The CI stated that he/she had contacted the individual, "P", who he/she knows to be a narcotics dealer, via telephone number (585) 363-xxxx, and asked to meet up, to purchase narcotics. From previous narcotics purchases, the CI was positively able to identify the voice of the male known to them as "P" on the phone. The CI also looked at a photograph, and positively identified the male in the picture as "P", from whom he/she has purchased narcotics from on previous occasions.

8.     Law enforcement conducted field tests on the substance purchased from Bronson. One substance tested positive for the presence of cocaine. The field test conducted on the other substance, suspected to be fentanyl was inconclusive. The cocaine and suspected fentanyl were then placed in an evidence bag, and turned over to the property into the Rochester Police Department Property Clerks' Office.

## SEIZURE OF THE DEFENDANT CURRENCY

3

9.  On October 29, 2020, at approximately 6:53 A.M., the Rochester Police Department (RPD), along with other law enforcement agencies executed a state search warrant on Bronson's residence, located at 466 ½ West Main Street, Apartment 401, Rochester, New York. Bronson, Cristal Starling, and a minor were present. This search warrant was executed simultaneously with another residence located at 21 Pardee Street, Rochester, New York.

10. The following items were seized pursuant to the warrant from 466 ½ West Main Street: $7,500 United States Currency from the top dresser drawer of the master bedroom, $540 United States Currency from the pants pocket of a pair of women's jeans that were laying on the floor in the hallway adjacent to the master bedroom. A New York State Identification Card in Bronson's name, numerous credit/debit cards in Bronson's name, and a set of house keys and car keys were located the pants pocket of a pair of jeans that were on the floor in the master bedroom. Two (2) small digital gram scales, ten (10) strips of Suboxone, and mail addressed to Bronson were in the top left dresser drawer in the master bedroom.

11. The defendant currency was collected and seized from 466 ½ West Main Street, Apartment 401, Rochester, New York and contained the following denominations:

| **DENOMINATION** | **NUMBER OF BILLS** | **TOTAL VALUE** |
| --- | --- | --- |
| $100 | 35 | $3,500 |
| $50 | 90 | $4,500 |
| $20 | 2 | $40 |
| | **Total** | **$8,040** |

4

12.     Upon being notified that narcotics were found during the search of 21 Pardee Street, Bronson was arrested and taken to the RPD Public Safety Building for further investigation. Cristal Starling was not arrested.

13.     During the search at 21 Pardee Street, Rochester, New York, no individuals were located inside, and the following items were located within the residence; $1,230 United States Currency, and 60 Ziplock bags containing marijuana was located in the dresser drawer of the first floor bedroom. Fentanyl (6.3 grams), cocaine (33 grams), crack cocaine (11 grams), a digital scale, cutting agent, and rubber bands were located above the door frame leading down the basement stairs. Six black cellphones were found on the basement staircase. An Elmer Davis work shirt with the name "Kendrick" stitched on it was located in the upstairs bedroom closet, and personal paperwork with Bronson's name on it, including U.S. Mail, a New York State Driver's License, and Bank information was found throughout the residence.

14.     As a result of the narcotics found at 21 Pardee Street, Bronson was arrested, charged, and indicted in State court with Criminal Possession of a Controlled Substance in the second degree, a felony, Criminal Possession of a Controlled Substance in the third degree, a felony, 2 counts of Criminal Use of Drug Paraphernalia in the second degree, both misdemeanors and Unlawful Possession of Marijuana in the second degree, a violation. The state case is currently pending.

## PRIOR CONVICTIONS

15.  On February 22, 2017, Bronson was convicted upon a plea of guilty to Criminal possession of a Controlled Substance in the seventh degree, a misdemeanor. On October 28, 2008, Starling was convicted upon a plea of guilty to Criminal Possession of a Controlled Substance in the fifth degree, a felony.

## EMPLOYMENT

16.  Starling's employment is unknown. Bronson is unemployed and has no known source of legitimate income.

## CLAIM FILED IN THE ADMINISTRATIVE FORFEITURE PROCEEDINGS

17.  Cristal Starling filed a claim with DEA on January 15, 2021, to halt the administrative forfeiture proceedings against the defendant currency and refer it for judicial forfeiture proceedings. No other claims were submitted for the defendant currency.

## CONCLUSION

18.  Based on all the foregoing facts, and circumstances, and the experience and training of the law enforcement officers involved, the $8,040 United States Currency was furnished or intended to be furnished in exchange for controlled substances, and/or was used or intended to be used to facilitate the purchase and/or sale of a controlled substance, and/or constitutes proceeds traceable to such an exchange, and therefore, is subject to seizure and forfeiture to the United States of America pursuant to Title 21, United States Code, Section

6

881(a)(6).

WHEREFORE, the United States of America respectfully requests that:

(1) that an arrest warrant in rem be issued for the arrest of the defendant currency;

(2) that all persons having any interest therein be cited to appear and show cause why the forfeiture should not be decreed;

(3) that a judgment be entered declaring the defendant currency condemned and forfeited to the United States of America for disposition in accordance with the law;

(4) that the costs of this suit be paid to and recovered by the United States of America; and

(5) that the Court grants such other and further relief as deemed just and proper.

DATED: April 15, 2021, at Rochester, New York.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

By: GRACE M. CARDUCCI
Assistant U.S. Attorney
United States Attorney's Office
Western District of New York
100 State Street, Suite 500
Rochester, New York 14614
(585) 399-3954
grace.carducci@usa.doj.gov

7

STATE OF NEW YORK   )
COUNTY OF MONROE   )   ss.:
CITY OF ROCHESTER   )

JAMES GASHLIN, being duly sworn, deposes and says:

I am a Task Force Officer with the Drug Enforcement Administration (DEA), Rochester Resident Office, and I am familiar with the facts and circumstances surrounding the seizure of $8,040 United States currency from 466 ½ West Main Street, Apartment 401, Rochester, New York, on or about October 29, 2020. The facts alleged in the Complaint for Forfeiture are true to the best of my knowledge and belief based upon information furnished to me by officials of the DEA, and the Rochester Police Department, and provided to the officials of the United States Attorney's Office.

James Gashlin
~~Special Agent~~ Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to
before me this 15th day of April, 2021.

Notary Public

Michelle McCreedy Miles
Notary Public, State of New York
Monroe County REG #01MC6131409
My Commission Expires 08/01/2021