UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                Plaintiff,

                                              21-CV-6323(CJS)

      -v-

$8,040.00 UNITED STATES CURRENCY,

                Defendant.

---

## NOTICE OF MOTION AND MOTION TO STRIKE THE LATE CLAIM AND ANSWER OF CRISTAL STARLING FOR FAILURE TO COMPLY WITH RULE G OF THE SUPPLEMENTAL RULES FOR ADMIRALTY OR MARITIME CLAIMS AND ASSET FORFEITURE ACTIONS

The United States of America, by its attorney, Trini E. Ross, United States Attorney

for the Western District of New York, Grace M. Carducci, Assistant United States Attorney,

of counsel, respectfully moves this Court to Strike the Late Claim and Answer filed by Cristal

Starling (hereinafter "Starling") pursuant to Rule G(8)(c) of the Supplemental Rules for

Admiralty or Maritime Claims and Asset Forfeiture Actions. In addition, the plaintiff

respectfully moves this Court pursuant to Rule 55(b) of the Federal Rules of Civil Procedure

to enter a judgment of default against the defendant currency.   In support thereof, the plaintiff

offers the attached affidavit and memorandum of law of Grace M. Carducci, Assistant United

States Attorney, as well as all prior pleadings and proceedings had in this matter.

PLEASE TAKE NOTICE that the United States will bring the above motion on a

date, time, and place to be scheduled by the Court, before the Honorable Charles J. Siragusa,

United States District Court Judge, in the United States District Court, 100 State Street,

Rochester, New York 14614.


DATED:    Rochester, New York, December 15, 2021.


                                        TRINI E. ROSS
                                        United States Attorney
                                        Western District of New York


                              BY:  _____
                                        GRACE M. CARDUCCI
                                        Assistant United States Attorney
                                        United States Attorney's Office
                                        500 Federal Building
                                        100 State Street
                                        Rochester, New York 14614
                                        (585) 399-3954
                                        grace.carducci@usdoj.gov

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                Plaintiff,

                  -v-

$8,040.00 UNITED STATES CURRENCY,

                Defendant.

                                      21-CV-6323(CJS)

---

## AFFIDAVIT IN SUPPORT OF MOTION TO STRIKE CRISTAL STARLING'S LATE CLAIM AND ANSWER FOR FAILURE TO COMPLY WITH RULE G OF THE SUPPLEMENTAL RULES FOR ADMIRALTY OR MARITIME CLAIMS AND ASSET FORFEITURE ACTIONS

STATE OF NEW YORK  )
COUNTY OF MONROE  )  SS:
CITY OF ROCHESTER   )

GRACE M. CARDUCCI, being duly sworn, deposes and says:

1.      I am an Assistant United States Attorney in the office of Trini E. Ross, United States Attorney for the Western District of New York, and the attorney for the plaintiff in the above-entitled action.   This affidavit is submitted in support of the plaintiff's request that an Order be granted striking the late claim and answer of Cristal Starling (hereinafter "Starling").

2.      This action was commenced on April 16, 2021, by filing a Verified Complaint for Forfeiture against $8,040.00 United States currency (hereinafter the "defendant currency") with the United States District Court, Western District of New York.

3.      An Arrest Warrant *in Rem* was issued by the Clerk of the Court on April 19,

2021 and was executed on the defendant currency by the United States Marshals Service on

June 22, 2021.   The defendant currency remains in the custody of the United States Marshals

Service.

4.      A copy of the Arrest Warrant *in Rem* and the Verified Complaint was served

upon persons believed to have a claim or interest in the defendant currency, and/or their

attorney.   On June 14, 2021, Cristal Starling was sent, via FedEx, a copy of the Verified

Complaint, Arrest Warrant *in Rem*, and Notice of Forfeiture Action, at 466 ½ West Main

Street, Rochester, New York 14608.   The documents were delivered to Starling via FedEx

on June 14, 2021, at 11:56am. *See* Docket No. 4.

5.      As required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or

Maritime Claims and Asset Forfeiture Actions, this action was posted on an official

government internet site (www.forfeiture.gov) on July 20, 2021.   Such publication was

completed on August 20, 2021.

6.      Having been given direct notice of this action on June 14, 2021, Starling's claim

was due on **July 16, 2021**.

7.      On or about August 20, 2021, the Government filed a request for Clerk's Entry of Default. On August 24, 2021, the Clerk's Entry of Default was entered. See Docket No. 7.

8.      On or about September 3, 2021, the government filed a Motion for Entry of Default against the defendant currency. See Docket No. 8.   The government did not serve the Motion for Entry of Default on Starling.

9.      On or about November 30, 2021, more than four months after the deadline to file a verified claim, Starling filed a claim.

10.      On or about December 3, 2021, Starling filed an answer

11.      No other claims or answers have been filed in this matter.

12.      When the government commences a civil forfeiture action in rem, it must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant. Fed. R. Civ. P. Supp. R. G(4)(b)(i). The notice must state the date on which the notice is sent, the deadline for filing a claim that the answer to the complaint is due 21 days after the filing of the claim, and the name of the government attorney to be served with the claim and answer. Fed. R. Civ. P. Supp. R. G(4)(b)(ii).   The deadline for filing a claim must be "at least 35 days after notice is sent." Fed. R. Civ. P. Supp. R. G(4)(b)(ii)(B)."

3

13.     The time to file a claim had not been further extended either by the court or by stipulation of the parties.

WHEREFORE, it is hereby requested that the Court enter an Order pursuant to Supplemental Rule G(8)(c) striking the late claim and answer filed by Starling.

Grace M. Carducci
Assistant United States Attorney

Subscribed and sworn to before
me this 15 day of December, 2021.

Notary Public

ELIZABETH FERREIRA TODD
Notary Public, State of New York
No. 01TO5041157
Qualified in Monroe County
Commission Expires March 27, 20 2 3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

            Plaintiff,

                                                            21-CV-6323(CJS)

        -v-

$8,040.00 UNITED STATES CURRENCY,

            Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE THE LATE CLAIM AND ANSWER OF CRISTAL STARLING

1.      Plaintiff, The United States of America, (hereinafter, the Government), submits this Memorandum of Law in Support of its Motion to Strike Cristal Starling's late claim and answer pursuant to Rule G(8)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

## STATEMENT OF FACTS

2.      On April 16, 2021, the Government filed a Verified Complaint for Forfeiture alleging that the defendant currency was subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6), ECF No. 1.   Specifically, the defendant currency is $8,040.00 United States currency (hereinafter "defendant currency").

3.      Notice of the forfeiture action was sent to Starling via FedEx, on June 11, 2021. Starling was served with: (1) a copy of the Verified Complaint for Forfeiture; (2) the Arrest

Warrant in Rem; and (3) the Direct Notice of Forfeiture Action.   The documents were delivered to Starling via FedEx on June 14, 2021, at 11:56am. See Docket No. 4.

4.      These documents put Starling on notice that if he wished to contest the forfeiture action, a response was required, and deadlines were in effect.   First, the Government's cover letter accompanying the Complaint and Direct Notice of Forfeiture Action read:

> Notice of Forfeiture Action dated June 11, 2021.   Please note that *this document specifies the time frames in which any potential claimants would need to file a verified claim/statement of interest* and answer to the complaint in the United States District Court, Western District of New York, with a copy being sent to this office.

Second, the Direct Notice of Forfeiture Action stated that the deadline for Starling to file a claim was July 16, 2021:

> Any person who asserts an interest in any of the defendant property may contest the forfeiture by filing a claim in the United States District Court, Western District of New York, under case of the *United States of America v. $8,040.00 United States Currency*; 21-CV-6323 by **July 16, 2021**, in accordance with Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

5.      Having been given direct notice of this action on June 11, 2021, Starling's claim was due on July 16, 2021.   Starling filed a late claim on November 30, 2021 and an answer on December 3, 2021.

## LEGAL ARGUMENT

### 1. Procedural Rules Governing Civil Asset Forfeiture Litigation.

6.      The Civil Asset Forfeiture Reform Act, also known as "CAFRA", became effective on August 23, 2000, and codified in Title 18, United States Code, Section 983.   The procedural rules governing civil asset forfeiture actions are found in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Supplemental Rule G was adopted in 2006 to bring together in one rule the central procedures that govern civil forfeiture actions.   Supplemental Rule G, advisory committee's note; *see also* 18 U.S.C. § 983(a)(4)(A).   Although civil forfeiture actions function much like a typical civil action governed by the Rules of Civil Procedures, Rule G sets forth some of the unique procedural mechanisms particular to forfeiture actions *in rem* that arise from a federal statute.[1]

7.      Civil Forfeiture actions are *in rem* and are not actions against a person. *Via Mat International South America, Ltd. v. United States*, 446 F.3d 1258, 1264 (11th Cir. 2006) (a civil forfeiture proceeding is not an action against the claimant but rather this an in rem action against the property).   As such, any claimants to the property are merely interveners. *United States v. All Funds in Account Nos. 747.034/278 (Banco Espanol de Credito)*, 295 F.3d 23, 25 (D.C. Cir. 2002) ("Civil forfeiture actions are brought against property, not people. The owner of the property may intervene to protect his interest.").   *See also United States v. Land & Bldg.*

---

[1] Procedural issues not directly addressed by Supplemental Rule G may be addressed by the Federal Rules of Civil Procedure.   *See* Supplemental Rule G(1).

3

*Located at 99 Sheffield Rd.*, Waltham, Mass., CIV. 05-CV-302SM, 2006 WL 827809 (D.N.H.
Mar. 29, 2006) ("In a civil forfeiture action, the defendant is the property subject to forfeiture.
A person who claims an interest in the property must intervene in the forfeiture proceeding in
accordance with the Supplemental Rules.").

      8.      When the government commences a civil forfeiture action *in rem*, it must send
notice of the action and a copy of the complaint to any person who reasonably appears to be
a potential claimant.[2]  Supplemental Rule G(4)(b)(i).  The notice must state the date when
it was sent, the deadline for filing a claim, that an answer to the complaint is due 21 days after
filing the claim, and the name of the government attorney to be served with the claim and
answer.  Supplemental Rule G(4)(b)(ii).  The deadline for filing a claim must be "at least 35
days after notice is sent." Supplemental Rule G(4)(b)(ii)(B).  Notice must be sent by means
reasonably calculated to reach the potential claimant.[3]  Supplemental Rule G(4)(b)(iii)(A).
Notice is considered sent when it is "placed in the mail, delivered to a commercial carrier, or
sent by electronic mail."  Supplemental Rule G(4)(b)(iv).  Notice of the action does not
require formal service of a summons as required under Rule 4 of the Federal Rules of Civil
Procedure.  Supplemental Rule G, advisory committee's note.

---

[2] In addition to serving direct notice, the government must also provide notice by
publication.  *See* Supplemental Rule G(4)(a).

[3] Notice may be sent to the potential claimant's attorney. Supplemental Rule G(4)(b)(iii)(B).

9.      Responsive pleadings to a civil forfeiture action are governed by Supplemental Rule G(5)(formerly, Supplemental Rule C(6)).   Unlike a typical civil action which will generally require the filing and service of an answer in response to a civil complaint, Supplemental Rule G(5) requires a respondent to take two steps.   First, one who wishes to assert an interest in the defendant property must file a claim with the court and serve it on the government.   Supplemental Rules G(5)(a)(i) and G(5)(a)(i)(D).   The claim must: (1) identify the property claimed; (2) identify the claimant and his or her interest in the property; (3) be signed under penalty of perjury; and (4) be served on the government attorney. Supplemental Rule G(5)(a)(i).   In the second step, the claimant must file an answer to the complaint within 21 days of filing the claim.   Supplemental Rule G(5)(b).

10.     Where the government sends direct notice to a potential claimant, that claimant must file a claim "by the time stated in a direct notice sent under Rule G(4)(B)" unless the court "for good cause" sets a different time.   Supplemental Rule G(5)(ii)(A).

## 2.  <u>Strict Compliance with Rule G(5) is Required.</u>

11.     To contest a governmental forfeiture action, a claimant must first have standing under both the statutes governing his claim, and Article III of the Constitution.   *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999).   To establish statutory standing in a forfeiture case, the claimant must comply with the procedural requirements set forth in Supplemental Rule G(5) and CAFRA.   *United States v. Vazquez-Alvarez*, 760 F.3d 193, 197 (2d Cir. 2014); 18 U.S.C. § 983.   The claimant must file a verified claim of ownership before he

5

can file an answer and defend on the merits.  The claimant lacks standing to contest the

forfeiture in the absence of this timely-filed claim.  *See United States v. Conolly*, 694 F. App'x

10, 13 (2d Cir. 2017) (summary order); *see United States v. Eng*, 951 F.2d 461, 468 (2d Cir.

1991) ("The filing of a verified claim is an essential element in establishing standing to

challenge a forfeiture"), *abrogated on other grounds by Degen v. United States*, 517 U.S. 820 (1996).


12.     This Court has stuck claims in federal forfeiture actions where a claimant fails

to comply with the requirements of Supplemental Rule G (5).    See *United States v. Premises &*

*Real Prop. With All Buildings, Appurtenances, & Improvements, Located at 210 Drake Drive,*

*Rochester, New York*, No. 18-CV-6569 (CJS), 2021 WL 2200512, at *4 (W.D.N.Y. June 1,

2021) (This Court grants the government's motion to strike the claims because claimants fail

to comply with Supplemental Rule G(5) deadlines); *United States v. $541,395.06 U.S. Currency*,

10-CV-6555-CJS, 2012 WL 3614294 (W.D.N.Y. Aug 21, 2012) (This Court held that the

claimant lacked statutory standing because the claimant filed an answer one day after the

deadline).


13.     Other courts in the Western District of New York routinely strike claims in

federal forfeiture actions where a claimant fails to comply with the requirements of

Supplemental Rule G (5).    See *United States v. $5,227.00 U.S. Currency*, No. 12-CV-6528, 2013

WL2450733 (W.D.N.Y. Jun. 5, 2013) (striking claimants' answers due to their failure to file

a claim in accordance with Supplemental Rule G*); United States of America v. One 2000 Mercedes*

*Benz Bearing Vin WDBLJ70G0YF127256*, 09-CV-06543, 2010 WL 4452096 (W.D.N.Y. Sep 23.

2010) (failure to file a timely answer in accordance with Supplemental Rule G prohibits claimant from having the "requisite statutory standing for contesting the Government's forfeiture."); *United States v. $1,437.00 in U.S. Currency*, 242 F. Supp. 2d 193, 195-96 (W.D.N.Y. 2002) (the court granted a motion for default judgment where claimant filed no claim and filed answer out of time).

14.    In addition, other courts routinely strike claims in federal forfeiture actions where a claimant fails to comply with the requirements of Supplemental Rule G (5).   *See U.S. v. All Right, Title and Interest in Property, Appurtenances, and Improvements Known as 479 Tamarind Drive, Hallendale, Fla.* 2011 WL 1045095,at *3 (S.D.N.Y. 2011); *United States v. $11,585.00 and $24,077.00 in United States Currency*, 2019 WL 1877295 (N.D.N.Y. 2019) (The claimant filed a late claim and failed to show excusable neglect, and the court granted the government's motion to strike); *United States v. $1,084,170.78 Seized from Seacomm Federal Credit Union,* 2015 WL 3500201 (N.D.N.Y. May 5, 2015) (The claimant did not seek approval from the government for additional time to file a claim until four or five weeks after the due date and the court granted the government's motion to strike). *But see United States v. $96,000 U.S. Currency*, 2019 WL 3334493. at *1-2, 4 (S.D.N.Y. 2019) (The court held departure from strict compliance was warranted because claimant timely filed a claim, but did not file an answer to the complaint until two months after it was due because the attorney's office did not properly track the answer's due date because the clerk responsible for recording the deadline failed to do so and resigned from their position without informing others of the deadline). To contest the forfeiture, a claimant must first file a claim within the time specified in the

Government's notice. *See* Supp. R. G(5)(a) and 4(b)(ii)(B).   Within twenty-one days after filing a claim, the claimant must file an answer *United States v. $27,601.00 U.S. Currency*, 800 F. Supp. 2d 465, 467 (W.D.N.Y. 2011).

15.     The procedural timelines are strictly construed.   *Cambio Exacto, S.A.*, 166 F.3d at 529; *United States v. Amiel*, 995 F.2d 367, 372 (2d Cir. 1993); *United States v. $1,437.00 U.S. Currency*, 242 F. Supp. 2d 193, 195 (W.D.N.Y. 2002).   The purpose of the strict timelines is to "force[] claimants to come forward as quickly as possible after the initiation of forfeiture proceedings, so that the court may hear all interested parties and resolve the dispute without delay." *United States v. $417,143.48 in U.S. Currency*, 682 F. App'x 17, 19 (2d Cir. 2017) (summary order) (citing *United States v. $487,825.00 in U.S. Currency*, 484 F.3d 662, 664 (3d Cir. 2007)).

### 3.  **Excusable Neglect**

16.     A court, however, has the discretion to excuse a late filing if the claimant can show excusable neglect and a meritorious defense. *United States v. One 1978 Piper Navajo Aircraft,* 748 F.2d 316, 318 (5th Cir.1984).   Mitigating factors which can excuse a late filing include a good faith attempt to file on time, detrimental reliance on government misinformation, and the expenditure of considerable time and resources preparing for trial. *United States v. One Dairy Farm, 918 F.2d 310, 312 (1st Cir. 1990).*

8

17.     In 1993, the Supreme Court elaborated on the term "excusable neglect" in

*Pioneer Inv. Serv. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380 (1993).  The Supreme Court

determined that the "somewhat elastic concept" of excusable neglect required courts to

consider "all relevant factors", which bear on the question.  *Id.* at 392. The four relevant

factors identified by the Court include the danger of prejudice to the non-movant; the length

of the delay and its potential impact on judicial proceedings; the reason for the delay,

including whether it was within the reasonable control of the movant; and whether the

movant acted in good faith. *Id.* at 395. While establishing that excusable neglect is a flexible

term, the Court nonetheless cautioned that mere "inadvertence, ignorance of the rules, or

mistakes construing the rules do not usually constitute 'excusable' neglect."  *Id.* at 392.


18.     The Second Circuit has "taken a hard line" in its application of the *Pioneer*

standard.  *See Silivanch v. Celebrity Cruises*, 333 F.3d 355, 366–367 (2d Cir.2003) ("the equities

will rarely if ever favor a party who "fail[s] to follow the clear dictates of a court rule" and ...

where "the rule is entirely clear, we continue to expect that a party claiming excusable neglect

will, in the ordinary course, lose....".   See also *United States v. Premises & Real Prop. With All*

*Buildings, Appurtenances, & Improvements, Located at 210 Drake Drive, Rochester, New York,* No.

18-CV-6569 (CJS), 2021 WL 2200512, at *4 (W.D.N.Y. June 1, 2021) (This Court does not

find excusable neglect for failure to comply with Rule G(5) of the Supplemental Rules); *United*

*States v. Premises & Real Prop. With All Buildings, Appurtenances, & Improvements, Located at 210*

*Drake Drive, Rochester, New York*, No. 18-CV-6569 (CJS), 2021 WL 2200512, at *4 (W.D.N.Y.

June 1, 2021)("The claimant has failed to provide the Court with an explanation of mitigating

9

factors which can excuse a late filing, such as a good faith attempt to file on time, detrimental reliance on government misinformation, or the expenditure of considerable time preparing for trial."); *United States v. $417,143.78, more or less, in U.S. Currency,* 682 Fed. Appx. 17 (2nd Cir. 2017) (it was not an abuse of discretion to deny request to file late claim where claimant offered no reason for failing to file within the filing deadline; the goal of Rule G, which is to force claimants to come forward quickly, "would be thwarted if claimants came to view the strictures of Rule G as mere suggestions rather than as rules that will presumptively be enforced"; that claimant resided outside the U.S. and that there was no indication her claim was false did not change the analysis); *United States v. $5,227.00 U.S. Currency*, 12-CV-6528, 2013 WL 2450733, *1 (W.D.N.Y. June 5, 2013) (claimants claims stricken because they "have not provided any reason for their failure to comply with the Supplemental Rules such that this Court could find excusable neglect and dispense with the procedural requirements."); *U.S. v. $27,601.00 U.S. Currency,* 800 F.Supp.2d 465, 467 (W.D.N.Y. 2011) (claimant's claim stricken because he failed to file an answer and did not even attempt "to demonstrate excusable neglect for not doing so); *United States v. Approximately $168,052.25 Seized From Northfield Bank,* 2016 WL 1169242, *2 & n.2 (E.D.N.Y. Mar. 16, 2016) (failure to file claim, request leave to file late claim, or oppose default judgment indicated that the default was willful, not excusable neglect; standard is the same whether court is asked to allow late claim or to vacate default judgment); *United States v. $1,084,170.78 Seized from Seacomm Federal Credit Union,* 2015 WL 3500201 (N.D.N.Y. May 5, 2015) (denying motion to file late claim based on excusable neglect; claimants' failure to retain counsel until after the filing deadline demonstrates failure to follow rules clearly explained in Government's notice papers; that claimants might have a

10

meritorious defense is irrelevant); *U.S. v. $31,800 in U.S. Currency* 2007 WL 3124730, 1-2(N.D.N.Y.,2007) (the Court denied prospective claimant's request to reopen the matter pursuant to Federal Rule of Civil Procedure 60(b) on the grounds that he "failed to identify any ground upon which would justify relief from judgment in this matter."); *U.S. v. All Assets of Blue Chip Coffee, Inc.* 836 F.Supp. 104, 108 (E.D.N.Y., 1993) ("A claimant in a civil forfeiture action may file a late claim only upon a showing of 'excusable neglect.'") (citing Fed.R.Civ.P. 6(b)(2), *United States v. Borromeo,* 945 F.2d 750, 753 (4th Cir.1991).   *See also United States v. U.S. Currency in the Amount of $41,807, More or Less,* 795 F.Supp. 540, 542 (E.D.N.Y.1992).


19.     While recognizing the flexibility permitted by *Pioneer*, the Circuit has repeatedly focused on the reason for the delay as the critical factor in determining whether excusable neglect exists.   *See Midland Cogeneration Venture Ltd. P'ship v. Enron Corp.*, 419 F.3d 115, 123-24 (2d Cir. 2005); *Silivanch*, 333 F.3d at 368("[W]e and other circuits have focused on the third factor: the reason for the delay, including whether it was within the reasonable control of the movant"); *United States v. Hooper*, 43 F.3d at 29; *Weinstock v. Cleary, Gottleib, Steeen & Hamilton,* 16 F.3d 501, 503(2d Cir. 1994).[4]   "[T]he four Pioneer factors do not carry equal weight; the excuse given for the late filing must have the greatest import."   *Graphic Communication Int'l Union v. Quebecor Printing Providence*, 270 F.3d 1, 5-6 (1ˢᵗ Cir. 2001).

---

[4] Other circuits have adopted a similar "hard line" to applying *Pioneer* that emphasizes the reason for the delay. *See, e.g., United States v. Torres*, 372 F.3d 1159, 1162-63 (10th Cir. 2004); *Lowry v. McDonnell Douglas Corp.,* 211 F.3d 457, 463 (8th Cir. 2000) ("[A]t the end of the day, the focus must be upon the nature of the neglect.")   *But see Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004) *(en banc)* (affirming trial court's decision to allow late notice of appeal based on a paralegal misreading the rule governing the appeal deadlines).

20.     In *$11,585.00 and $24,077.00 in United States Currency*, 2019 WL 1877295, at *2;

*citing Seacomm Fed. Credit Union*, 2015 WL 3500201, at *3, the court held that "the balancing

test is concerned with the specific prejudice to the government, of which there is little, if any,

given that the length of the delay is less than one month," and "[a]dditionally, the government

sets forth no evidence that [the claimant] acted in the absence of good faith." *Id*. at

2. Notwithstanding the fact that the first, second, and fourth factors weakened the

government's striking grounds, the court held that because "filing a timely claim was certainly

within [the claimant's] ability to control," excusable neglect had not been established. *Id*. at

3. *See also Graphic Communications Int'l Union v. Quebecor Printing Providence*, 270 F.3d 1, 5-6

(1ˢᵗ Cir. 2001). ("[T]he four Pioneer factors do not carry equal weight; the excuse given for the

late filing must have the greatest import.")


21.     Following *Pioneer,* the Second Circuit has made clear that the definition of

excusable neglect allows a court to "disallow untimely acts, as a general rule, when a party

fails to follow clear rules." *In re Lynch*, 430 F.3d 600, 604 (2d Cir. 2005). The Second Circuit

initially made this evident in the context of Federal Rule of Civil Procedure 60(b), stating that:

> [W]e do not believe that the possibility that a court may
> properly find excusable neglect on such grounds
> [ambiguous or conflicting rules] alters the principle that
> failure to follow the clear dictates of a court rule will
> generally not constitute such excusable neglect. We are not
> alone in that view ... Where ... the rule is entirely clear, we
> continue to expect that a party claiming excusable neglect
> will, in the ordinary course, lose under the *Pioneer* test.

*Canfield v. Van Atta Buick/GMC Truck, Inc.,* 127 F.3d 248, 250-51 (2d Cir.1997) (citations

12

omitted).   *See In re Albicocco*, 06 CV 3409 JFB, 2006 WL 2376441, *4 (E.D.N.Y. Aug. 16, 2006) (Court found that Debtor's late filing did not constitute "excusable neglect").

22.      Finally, as aptly recognized by the Supreme Court in *United States v. Locke*, 471 U.S. 84, 101, 105 S. Ct. 1785, 1796, (1985): "[f]iling deadlines like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced."

## 4.   Starling's Claim and Answer Should Be Stricken For Failure To Comply With Rule G of The Supplemental Rules For Admiralty Or Maritime Claims

23.      Starling was sent notice of this action by the United States on June 11, 2021. The notice documents clearly and unequivocally stated that the deadline to file a claim in this action was **July 16, 2021**, and additionally, any claimant must serve and file an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within **21** days after filing their claim.   Starling filed her claim on November 30, 2021, four months after it was due and her answer on December 3, 2021.

24.      There is no evidence that the government failed to follow the proper procedures in this matter, nor is there evidence of mitigating circumstances that would excuse Starling's failure to file a timely claim and answer.

## CONCLUSION

25.   For the reasons set forth herein, the United States respectfully moves this Court to strike the late claim and answer filed by Starling pursuant to Rule G(8)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions for failure to file an answer. In addition, the plaintiff respectfully moves this Court pursuant to Rule 55(b) of the Federal Rules of Civil Procedure to enter a judgment of default against the defendant currency.   The Plaintiff requests the opportunity to file a Reply to any Response to this Motion if it deems appropriate.

DATED:    Rochester, New York, December 15 2021

TRINI E. ROSS
United States Attorney
Western District of New York

BY:    _____
GRACE M. CARDUCCI
Assistant United States Attorney
United States Attorney's Office
500 Federal Building
100 State Street
Rochester, New York 14614
(585) 399-3954
Grace.Carducci@usdoj.gov

14