UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                 Plaintiff,

v.

$8,040.00 UNITED STATES CURRENCY,

                 Defendant.

No. 6:21-cv-06323-CJS

**REPLY IN SUPPORT OF MEMORANDUM OF LAW ON DISMISSAL AND CLAIMANT'S ENTITLEMENT TO ATTORNEYS' FEES**

---

### Introduction

Faced with the prospect of defending the forfeiture of Ms. Starling's $8,040 in court, the government has given up. It has returned the money it seized from Ms. Starling more than three years ago and wants out of this case. Ms. Starling wants this personal nightmare to be over, too. The only questions before this Court are the terms of the government's surrender.

As explained in Section I, the government is not entitled to unilaterally dismiss this case under Federal Rule of Civil Procedure 41(a)(1)(A) because Ms. Starling has already filed an answer. Contrary to the government's response, nothing in the Second Circuit's ruling forecloses that conclusion. As explained in Section II, the government's motion to dismiss *without* prejudice must also be denied. Instead, dismissal *with* prejudice is appropriate under either of the two tests used by courts in the Second Circuit. Finally, as explained in Section III, however this Court resolves the government's motion to dismiss, this Court should declare that Ms. Starling has "substantially prevailed" as that term is used in CAFRA, entitling her to interest and attorneys' fees.

1

**I.   The Government Is Not Entitled to Unilaterally Dismiss This Case Because Ms. Starling's Pro Se Filings Should Be Construed as an Answer.**

Voluntary dismissal by notice is available only *before* the opposing party files an answer. Fed. R. Civ. P. 41(a)(1)(A)(i). But Ms. Starling has filed an answer: The December 3, 2021 filing that the government itself characterized as an answer. Starling Br. at 4–12.

The government now argues that its previous characterization of that document is irrelevant, because the Second Circuit stated that "Starling's letters are . . . properly viewed as a dual motion, seeking both to lift the entry of default . . . and to file a claim against the seized funds." Gov't Br. at 6 (quoting *United States v. Starling*, 76 F.4th 92, 100 (2d Cir. 2023)). The government claims that characterization "put[] an end to the various ways that this Court, the government, and Starling have all referred to the December 3, 2021 filing." Gov't Br. at 6.

The government's argument overreads that decision. To be sure, the Second Circuit affirmed this Court's construction of the letters as a motion to file an untimely claim and held that the letters must also be construed as a motion to lift the entry of default. *Starling*, 76 F.4th at 100. But what matters here is *why* the Second Circuit reached those conclusions: It construed Ms. Starling's letters based on what they communicated. Thus, those letters had to be construed as a motion to file an untimely claim because "the letters plainly communicate a claim to the seized funds." *Id.* at 99. Those same letters also had to be construed as a motion to lift the entry of default because the letters "*also* communicate a desire to move forward with court proceedings." *Id.* (emphasis added) (marks omitted). Yet the letters *also* communicated a response to the government's allegations—a denial—and thus *also* must be construed as an answer.

Nothing in the Second Circuit opinion forecloses this interpretation, which reflects the Second Circuit's order that Ms. Starling "should have the opportunity to show that she was an

innocent owner." *Id.* at 103. It is also the only outcome consistent with the principle that "*pro se* submissions are reviewed with 'special solicitude' and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023). And New York federal courts applying that principle have construed similar letter responses to complaints as answers. *See Bravado Int'l Merch. Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 186–87 (E.D.N.Y. 2009).

The government has no response to this case law, focusing instead on alleged deficiencies in Ms. Starling's answer. But the appropriate remedy for those deficiencies is not to conclude that Ms. Starling filed no answer at all. Instead, courts interpret deficient pro se filings liberally to preserve the rights of the party and, if necessary, order the pro se party to file a compliant answer. *See, e.g.*, *Kriston v. Peroulis*, No. 09-cv-00909, 2009 WL 3722737, at *2 (D. Colo. Nov. 5, 2009). Only when a pro se party has failed to do so do federal courts allow the case to proceed in a manner that prejudices the pro se party. *See, e.g.*, *V&R Fine Art, Inc. v. One Oil on Canvas Painting Entitled Brickyard Shed*, No. 08-cv-5031, 2009 WL 637156, at *4 (S.D.N.Y. Feb. 13, 2009). Because Ms. Starling has not been given that opportunity, this Court should construe Ms. Starling's filings as an answer and preclude the government from dismissing this case by notice.

## II.     This Court Should Dismiss This Case with Prejudice.

As explained in Ms. Starling's opening brief, courts in the Second Circuit apply two tests for determining whether dismissal with prejudice is appropriate. Starling Br. at 12–16. The first is whether the nonmoving party would suffer some "plain legal prejudice." The second is a multi-factor balancing test drawn from *Zagano v. Fordham University,* 900 F.2d 12 (2d Cir. 1990). This Court may grant dismissal with prejudice if it finds that either test is satisfied, but both are satisfied here.

**A. Losing the chance to recover interest and attorneys' fees is plain legal prejudice.**

Whether Ms. Starling would suffer "plain legal prejudice" from a dismissal without prejudice turns on whether this Court believes that dismissal without prejudice precludes Ms. Starling from recovering interest and fees under CAFRA. Ms. Starling argues it does not. *See infra* at 8–10; *see also* Starling Br. at 22–30. But some courts disagree.[1] Yet precisely because they disagree, those courts have also recognized that this lost opportunity constitutes plain legal prejudice. *See United States v. Ito*, 472 F. App'x 841, 842 (9th Cir. 2012); *United States v. $107,702.66 in U.S. Currency*, No. 7:14-CV-00295-F, 2016 WL 413093, at *4 (E.D.N.C. Feb. 2, 2016); *United States v. Certain Real Prop.*, 543 F. Supp. 2d 1291, 1292 (N.D. Ala. 2008).

The government argues that these cases are "contrary to the case law in the Second Circuit and New York District Courts." Gov't Br. at 10 n.4. But the government cites no contrary case law from the Second Circuit, relying only on *United States v. $4,183,402.74*, No. 5:22-cv-138, 2023 WL 2329480 (N.D.N.Y. Mar. 2, 2023). But that non-binding ruling is unconvincing.

To begin, the court in *$4,183,402.74* provides no reasoning for its counterintuitive conclusion that the inability to pursue attorney fees under CAFRA is not prejudicial. Instead, the decision cites the unreported ruling in *Resto-Otero v. Mohammad*, No. 9:17-cv-1115. 2019 WL 4544540 (N.D.N.Y. Sept. 9, 2019). But *Resto-Otero* says nothing about interest or fees and instead states only that "the mere prospect of a second lawsuit is not enough to demonstrate legal prejudice." *Id.* at *2. Indeed, the court in *$4,183,402.74* quotes language from *Resto-Otero* that directly undermines its conclusion. That language reads:

---

[1] As explained in more detail below, *infra* at 8–10, neither those courts nor the government here have grappled with either the textual differences between CAFRA and other fee-shifting statutes or with the legislative history indicating that CAFRA was intended to provide broader relief to forfeiture victims than other fee-shifting statutes.

4

> As the Second Circuit has stated, [w]hen the Supreme Court identified plain legal prejudice to a defendant as a circumstance that would defeat dismissal of a plaintiff's suit without prejudice, . . . the Court was concerned about the plight of a defendant who is ready to pursue a claim against the plaintiff in the same action that the plaintiff is seeking to have dismissed.

*$4,183,402.74*, 2023 WL 2329480, at *5 (quoting *Resto-Otero*, 2019 WL 4544540, at *2).

That is the situation here: Ms. Starling is ready to pursue a claim for interest and attorneys' fees *in this action*. That can be contrasted with the situation in the Second Circuit case alluded to in the quoted language above, *Camilli v. Grimes*, 436 F.3d 120 (2d Cir. 2006). There, the Second Circuit held that losing the chance to "initiate a new claim for malicious prosecution" was not plain legal prejudice. *Id.* at 124. But that is an "entirely different matter" from the situation here, where Ms. Starling seeks a ruling that would protect her right to pursue a remedy "in the same action that a plaintiff is trying to withdraw." *Id.*

Thus, this Court should reject the unsupported reasoning of *$4,183,402.74* and hold—consistent with common sense and most courts to consider the issue—that where a dismissal without prejudice would foreclose a forfeiture claimant's right to recover interest or fees, that claimant stands to suffer plain legal prejudice.

### B. The *Zagano* factors also counsel in favor of dismissal with prejudice.

Although the plain legal prejudice that Ms. Starling will suffer is enough to justify dismissal with prejudice, the *Zagano* factors separately counsel this same result.

On factor one, the government's diligence, the government argues that it moved to dismiss as soon as the Second Circuit issued its mandate. But that argument ignores the two years of litigation that preceded that mandate. The government could have returned Ms. Starling's money at any point in that two-year period. The government didn't. Instead, it held on to Ms.

5

Starling's money until the Second Circuit made clear it could no longer win by default. Thus, factor one weighs in Ms. Starling's favor.

On factor two, vexatiousness, the government asserts that it did not bring the forfeiture action against Ms. Starling to harass her. But the government does not dispute that its actions here are part of a broader pattern in which the federal government vigorously pursues forfeiture against unrepresented parties, only to abandon those forfeitures once pro bono counsel enters the case. *See* Starling Br. at 14 n.5 (collecting cases). Thus, factor two weighs in Ms. Starling's favor.

On factor three, the extent to which the suit has progressed, the government relies entirely on the fact that there has been little in the way of trial preparation, again ignoring the two years that Ms. Starling had to litigate merely for the opportunity to contest the forfeiture against her. This factor weighs in Ms. Starling's favor or is, at worst, neutral.

On factor four, the duplicative expense of re-litigation, the government argues only that it has returned Ms. Starling's money, "which would hinder re-litigation." But factor four is not about the *likelihood* of re-litigation; it is about the duplicative expense that would be incurred *if* re-litigation were to occur. Ms. Starling stated that her counsel did work, much of which would have to be redone, if the government were to renew its attempt to forfeit Ms. Starling's money. The government does not dispute those claims and thus this factor weighs in Ms. Starling's favor.

Finally, on factor five, the adequacy of the government's explanation, the government has supplemented its motion, which provided no explanation, with the claim that the amount of money seized from Ms. Starling "no longer meets the current thresholds of the USAO-WDNY." Gov't Br. at 13. Yet once again, although the government explains why it seeks to dismiss this case, it has no explanation for why it seeks to do so only *now* and not sooner.

Ms. Starling was deprived of her money and the ability to put it to productive use for more than three years. The government would now deprive her of the interest she could have earned on that money and the legal fees required to recover it. The *Zagano* factors do not countenance that result, and this Court should thus dismiss this case with prejudice.

### III. Regardless of Whether This Court Dismisses This Case With or Without Prejudice, This Court Should Hold That Ms. Starling Has Substantially Prevailed for Purposes of CAFRA.

Although this Court should dismiss this case with prejudice, that decision should ultimately have no bearing on whether Ms. Starling has a right to interest and fees under CAFRA. As explained below, dismissal *with* prejudice satisfies CAFRA's requirement that a party "substantially prevail." And although the bulk of authority holds that dismissal *without* prejudice does not satisfy this standard, the government has failed to rebut Ms. Starling's argument that these cases, none of which are binding on this Court, misinterpret CAFRA.

#### A. If this Court grants dismissal with prejudice, Ms. Starling will have "substantially prevailed" under CAFRA.

If this Court grants dismissal with prejudice, that will be a judicially sanctioned change in the parties' legal relationship—the government will be prohibited from reinitiating forfeiture proceedings against Ms. Starlings $8,040. This satisfies both the requirements to "substantially prevail," as that term is used in CAFRA, and the higher threshold for being a "prevailing party," as the Supreme Court has explained that term. Starling Br. at 16–22.

The government argues that Ms. Starling would be ineligible for fees even under these circumstances. But a closer look at those cases it quotes reveals that none refer to the requirements for recovering fees under CAFRA. Instead, they refer to the Court's inherent power to award fees directly under Rule 41(a)(2). For example, the government quotes *Colombrito*

7

*v. Kelly* for the proposition that "when a lawsuit is voluntarily dismissed with prejudice under Rule 41(a)(2), attorneys' fees have almost never been awarded." Gov't Br. at 17 (citing 764 F.2d 122, 133–34 (2d Cir. 1985)). But the government omits the following line of that decision: "Several courts have held that a Rule 41(a)(2) award of fees in such a situation is appropriate only when there is independent statutory authority for such an award." 764 F.2d at 134. Of course, that is the situation here, where CAFRA provides independent statutory authority for the award of fees, separate from this Court's inherent authority under Rule 41. *See* 28 U.S.C. § 2465(b)(1). The same is true for *Center for Discovery, Inc. v. D.P.*, No. 16-cv-3936, 2018 WL 1583971 (E.D.N.Y. Mar. 31, 2018), which also involved a request for fees directly under Rule 41.

Equally irrelevant is the government's citation to the Eleventh Circuit's unpublished ruling in *United States v. ADT Security Services, Inc.*, which the government quotes for the proposition that "a claimant who succeeds in having the court set aside a default judgment has not 'substantially prevailed' under CAFRA." Gov't Br. at 18 (citing 522 F. App'x 480 (11th Cir. 2013)). To be sure, prevailing *only* in setting aside a default judgment is not enough to substantially prevail, because a claimant might still fail to recover their money. That is exactly what happened in *ADT Security Services*. 522 F. App'x at 489–92. But unlike that claimant, Ms. Starling has not merely had her default set aside. She has recovered every penny that was taken from her. And if this Court grants dismissal with prejudice, she will have also achieved the court-sanctioned change in the legal relationship necessary to be a prevailing party.

B. **When the government returns all of a claimant's money and voluntarily seeks dismissal, the claimant has "substantially prevailed" under CAFRA even if granted without prejudice, and no binding precedent forecloses that interpretation.**

The only remaining question is whether Ms. Starling also has a right to interest and fees under CAFRA if this Court grants dismissal *without* prejudice. To be sure, the government points

8

to multiple decisions holding she does not. But none of those decisions addresses Congress's deliberate decision in CAFRA to award interest and fees to parties who "substantially prevail" rather than restrict those awards to "prevailing parties" as used in other fee-shifting statutes and as the Supreme Court interpreted those words in *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001).

As Ms. Starling explained in her opening brief, the conclusion that a forfeiture claimant who successfully recovers all of her money has "substantially prevailed" is supported by CAFRA's text, legislative history, and the absurd results that would follow from a contrary interpretation. Starling Br. at 23–30. The government, for its part, does not engage with these arguments on their merits, so Ms. Starling will not reiterate them here. Instead, for the sake of brevity, she will instead explain why none of the decisions that the government relies on binds this Court to follow this common but erroneous interpretation of CAFRA.

Most significantly, this Court is not bound to that interpretation by the Second Circuit's ruling in *United States v. Khan*, 497 F.3d 204 (2d Cir. 2007). Although the government describes *Khan* as having "held" that "the Supreme Court's decision in [*Buckhannon*] should inform our understanding of the term 'substantially prevails' in CAFRA," Gov't Br. at 15, its lengthy block quotation of footnote 7 of that decision is dicta. This is apparent from the text the government omits from the beginning of that footnote, which reads, "Were we required to reach the question, we would be inclined to agree with the district court that most, if not all, of the contributor claimants could not recover fees as 'prevailing' parties. While we need not firmly decide the question . . . ." *Khan*, 497 F.3d at 209 n.7; *see also United States v. Cap. Stack Fund, LLC*, 543 F. App'x 17, 19 (2d Cir. 2013) (parenthetically describing footnote 7 of *Khan* as "dictum").

9

Only one reported decision of the Second Circuit has mentioned *Khan*'s speculative interpretation of "substantially prevails," but that decision, *United States v. Davis*, 648 F.3d 84 (2d Cir. 2001), also left the issue unresolved. *Id.* Still, *Davis* is instructive here because of the practical approach the Second Circuit took to determining whether the claimant had substantially prevailed. As the court recognized, that determination requires the court "first to identify the claimant's purpose for challenging the forfeiture, and then to determine whether the claimant achieved that purpose in some measurable way." *Id.* at 98. There, the claimant sought to retain ownership of a stolen artwork that she had innocently purchased and won a "partial victory at summary judgment" that "narrowed the issues presented in th[e] case" before ultimately losing on the merits *Id.* Because her goal was to get the artwork back and she failed, she "did not 'substantially prevail' within the meaning of [CAFRA]." *Id.* (cleaned up).

Ms. Starling, in contrast, has achieved everything she sought. She wanted her money returned and the forfeiture action dismissed. The government has returned her money and seeks to dismiss this case. By any reasonable standard—and regardless of whether this case is dismissed with or without prejudice—Ms. Starling has substantially prevailed.

## Conclusion

This Court should strike the government's improper notice of voluntary dismissal and grant the government's motion to dismiss, but only on the condition that dismissal be *with* prejudice. Regardless of whether this Court grants dismissal with or without prejudice, this Court should hold that Ms. Starling has substantially prevailed under CAFRA.

| | |
|---|---|
| Dated: February 16, 2024 | Respectfully submitted, |
| PHILLIPS LYTLE LLP | INSTITUTE FOR JUSTICE |
| By: /s/ Nicholas R. Fedorka<br>Nicholas R. Fedorka<br>28 East Main Street, Suite 1400<br>Rochester, NY 14614<br>Tel: 585-238-2046<br>NFedorka@phillipslytle.com | By: /s/ Paul Sherman<br>Paul Sherman*<br>William Aronin*<br>901 N. Glebe Rd, Ste 900<br>Arlington, VA 22203<br>Tel: 703-682-9320<br>PSherman@ij.org, WAronin@ij.org<br>*admitted pro hac vice |

Attorneys for Claimant *Cristal Starling*